UNITED STATES DISTRICT COURT

**FILED**

JUN 1 3 2005

DISTRICT OF SOUTH DAKOTA

~~[signature]~~ CLERK

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| PING HE, | CIV. 04-4150 |
| Plaintiff, | MEMORANDUM OPINION AND |
|  | ORDER GRANTING MOTION |
| -vs- | FOR ATTORNEY FEES AND COSTS |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, |  |
| Defendant. |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Plaintiff's motion for attorney fees and costs in this social security case. Plaintiff seeks attorney fees in the amount of $3,513.50 pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412(d), and costs in the amount of $165.00 pursuant to 28 U.S.C. § 2412(a) and 28 U.S.C. § 1920. (Doc. 24.) Defendant has agreed to pay the attorney fees and costs requested by Plaintiff. (Doc. 26.) For the following reasons, the motion will be granted.

## BACKGROUND

Plaintiff filed a claim for disability insurance benefits. After an Administrative Law Judge (hereafter "ALJ") denied benefits and the Appeals Council denied review, Plaintiff appealed the ALJ's decision to this Court pursuant to 42 U.S.C. § 405(g). Plaintiff sought reversal of the Commissioner's final decision with or without a remand for rehearing. The Commissioner agreed to a remand and, on April 6, 2006, this Court issued an Order granting the motion to remand. Judgment for Plaintiff under sentence four of § 405(g) was entered on April 6, 2005.

On May 5, 2005, Plaintiff's attorney filed this motion requesting an award of attorney fees and costs pursuant to EAJA. The time record for attorney Stuart Barasch, setting forth the time he spent on this social security appeal, was attached to the brief in support of the motion. Defendant's

response to the motion indicates that it has no objection to an award of attorney fees and costs as long as the award constitutes a complete release of all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action. Defendant further indicated that the award "should not be used as precedent in any future cases, nor be construed as a concession by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified."

## DISCUSSION

Pursuant to EAJA, a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded ..., incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Court finds that Plaintiff timely filed her petition for attorney's fees. 28 U.S.C. § 2412(d)(1)(B). Accordingly, Plaintiff's attorney is entitled to fees and expenses, if (1) Plaintiff was the prevailing party, and (2) Defendant's position was not substantially justified.

The Supreme Court has held that a social security claimant who obtains a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency is a "prevailing party" for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The Court's April 6, 2005 Judgment was entered pursuant to sentence four of § 405(g). Upon entry of Judgement, Plaintiff became a prevailing party entitled to seek attorney fees under EAJA. *See id.*

The Commissioner bears the burden of proving that her position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). In the present case, the Commissioner will not concede that her position was not

2

substantially justified, but she has submitted nothing that would allow the Court to determine that it was substantially justified. Thus, the Court must conclude, for purposes of the pending motion for attorney fees and costs, that the Commissioner's position was not substantially justified within the meaning of the EAJA. The Commissioner's agreement not to contest attorney fees is not construed by the Court as a concession by the Commissioner on the issue whether her position was substantially justified.

The Court next must determine whether the amount requested by Plaintiff's attorney is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The Commissioner does not dispute that the fees and costs requested by Plaintiff are appropriate, and the Court has carefully reviewed the time record submitted by Plaintiff's attorney and finds that the time expended and the hourly rates are reasonable. The award of attorney fees shall constitute a complete release from and bar to any claims Plaintiff may have relating to EAJA fees and expenses arising out of this social security appeal. Accordingly,

IT IS ORDERED:

1.    that the Motion for Attorney Fees and Costs is granted, and Plaintiff is awarded attorney fees for her counsel in this social security appeal in the total amount of $3,513.50 pursuant to EAJA, 28 U.S.C. § 2412(d);

2.    That Plaintiff is awarded costs under 28 U.S.C. §§ 2412(a) and 1920 in an amount to be determined by the Clerk.

Dated this 13th day of June, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Shelly Margulies
DEPUTY

3